UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. GIBBS, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0685-KJM-EFB P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis.

**I.　Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.　Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed for failure to state a claim. According to the complaint, defendant Gibbs stopped and searched plaintiff when plaintiff was leaving the exercise yard, which was shared by "high risk" inmates. Gibbs allegedly told plaintiff, who is confined to a wheelchair, to lean forward so he could search the bottom back side of the wheelchair. Gibbs placed his hand down

the back side of plaintiff's wheelchair and discovered a small plastic bottle, which plaintiff claimed contained soap. Gibbs continued his search by inserting his hand "down the back side of plaintiff's underwear, placing his fingers deeply down the center of plaintiff's buttocks, nearly touching the anal area . . . ." ECF No. 1 ¶ 11. This sent plaintiff into a "verbal rage," and plaintiff asked "what the fuck are you doing?" *Id.* Gibbs allegedly responded, "I needed to go deep," and then said "I need some of that soap to wash my hands." *Id.* Defendant Reece, who was also present during the search, then said, "You never had a man on your ass." *Id.* ¶ 12. Plaintiff claims that defendants Gibbs and Reece, through their "sexual" abuse and comments, violated plaintiff's Eighth and Fourteenth Amendment rights. As set forth below, the allegations fail to state a cognizable claim under the applicable standards.

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Id.* at 834.

Although prisoners have a right to be free from sexual abuse, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment." (internal quotation marks omitted)). A guard's physical sexual assault of an inmate, however, is "offensive to human dignity" and may violate the Eighth Amendment. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-97 (9th Cir. 1987). For an allegedly inappropriate body search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough). In the absence of a preexisting mental

condition or a particularly invasive search, the humiliation allegedly suffered because of unwanted physical contact from a correctional officer "does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." *Watison*, 668 F.3d at 1112-14 (affirming dismissal of Eighth Amendment claim against correctional officer who allegedly entered inmate's cell while on the toilet, and rubbed his thigh against the inmate's thigh, while smiling and laughing).

For purposes of the Fourth Amendment, searches of prisoners must be reasonable to be constitutional. *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)).

Here, plaintiff alleges that Gibbs's initial search consisted of searching behind plaintiff's back when plaintiff was leaving the yard, which was shared by high risk inmates. When this initial search produced a small bottle, Gibbs searched further, reaching into plaintiff's underwear and "down the center of plaintiff's buttocks," which sent plaintiff into a "verbal rage." Gibbs and Reece then made several "sexual" comments to plaintiff. These allegations fail to demonstrate that the conduct of either defendant amounted to the unnecessary and wanton infliction of pain or that either had the requisite mental state for an Eighth Amendment violation. In addition, the allegations do not suggest that the search was otherwise unreasonable under the circumstances.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

4

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.  Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a

cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 4, 2017.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE