UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS RENEE JACKSON,

    Plaintiff,

    v.

D. GIBBS, et al.

    Defendants.

No. 2:16-cv-685-KJM-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 5, 2017, the court dismissed plaintiff's complaint with leave to amend after finding that it failed to state a viable claim upon which relief could be granted. ECF No. 6. Plaintiff has filed an amended complaint (ECF No. 11) which is before the court for screening. 28 U.S.C. § 1915A(a).

### Screening Requirements

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

/////

/////

Screening Order

Plaintiff alleges that, on February 9, 2015 and at the California Medical Facility, he was stopped for a pat-down search by defendant Gibbs after exiting the general population exercise yard. ECF No. 11 at 4. Plaintiff states that he is paraplegic and uses a wheelchair. *Id.* The pat down search revealed a small plastic bottle labelled "deep sea nasal moisturizing spray" in the back of the wheelchair, which plaintiff asserts contained liquid soap. *Id.* Defendant Gibbs then directed plaintiff to lean forward in order to complete the search, and plaintiff complied. *Id.*

Plaintiff then alleges that, without warning, Gibbs put his hand inside plaintiff's underwear and slid his fingers "down the center of plaintiff's buttocks." *Id.* at 6. Plaintiff demanded to know what Gibbs was doing, and Gibbs stated that he "needed to go deeper." *Id.* Defendant Reece stated that "you never had a man on your ass." *Id.* Plaintiff asserts that Gibbs' search violated his Eighth Amendment right to be free from sexual abuse. *Id.* at 4. He claims that Reece violated his Eighth Amendment rights by failing to stop Gibbs' sexual assault and by failing to report the incident to the proper authorities. *Id.* at 8.

Prison officials may violate an inmate's Eighth Amendment rights by way of repetitive and harassing searches, and from sexual abuse. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation, however. De minimis uses of force do not give rise to liability under section 1983. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him).

The court concludes that defendants' actions do not give rise to an Eighth Amendment violation. For an allegedly inappropriate body search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough). Here, Gibbs briefly touched plaintiff's buttocks during a search that was occasioned by the discovery of a plastic bottle in his wheelchair. This action, standing alone,

does not rise to the level of unnecessary and wanton infliction of pain which the Eighth Amendment prohibits. *Id.* at 1525. And the defendants' comments, while unprofessional, do not themselves establish an Eighth Amendment violation. *See Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which do not violate the Eighth Amendment.") (internal quotation marks omitted).

Moreover, as the court stated in its previous order, Gibbs' search was reasonable for the purposes of the Fourth Amendment. ECF No. 6 at 4. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010) (quoting *Bell v. Wolfish*, 441 U.S. 520, 559, (1979)). The initial pat-down search in this case revealed a small, plastic bottle in the "bottom of the seating area of plaintiff ['s] wheelchair." ECF No. 11 at 6. The item was found after plaintiff had left a general population prison yard. *Id.* Thus, a further search of plaintiff's person was not unreasonable under the circumstances. *See, e.g., Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (holding that visual strip searches and urine tests to search for drugs were reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison).

<u>Leave to Amend</u>

The only remaining question is whether to grant plaintiff further leave to amend his complaint. The current complaint represents plaintiff's second attempt at stating a potentially cognizable claim and, given the similarity between his complaints, it does not appear that plaintiff has any additional, materially relevant allegations to add. Thus, plaintiff's failure to state a viable claim in either of his complaints counsels against a third attempt. *See, e.g., McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988) ("Repeated failure to cure deficiencies by

/////

4

amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

## Conclusion

Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 11) be DISMISSED without leave to amend for failure to state a cognizable claim and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE